No. 82

PORTAGE RUBBER CO. v. FIRESTONE

Ohio Appeals, 9th Dist., Medina Co.
No. 52.   Decided Dec. 17, 1924

313.  CORPORATIONS—A corporation by proper action of its directors resolving to increase the number of outstanding shares of capital stock, is not required to comply with the Blue Sky Law (Sec. 6373-1 to 6373-24 GC.) before it receives subscriptions from its common stockholders for their proportionate share of the new stock.   8699 GC.

PARDEE, J.

Epitomized Opinion
Published only in Ohio Law Abstract

George D. Bates, Trustee in bankruptcy, for the Portage Rubber Co. brought this action in the Medina Common Pleas, seeking to recover $6,000 from Jacob Firestone, the alleged purchase price of some stock.

The petition of Bates shows that the Rubber Co. had an authorized capital stock of $10,000,000, $5,000,000 of which was 7% cumulative preferred and $5,000,000 of which was common. Each class was divided into 50,000 shares at $100 per share. In 1919, there had been issued over 11,000 shares of preferred and nearly 24,000 of common stock. Desiring to have additional working capital, the directors decided to sell, at par, 5,000 shares each, of preferred and common stock, both to be offered in equal amounts, to its then holders of

## STATE COURT OF APPEALS—Continued

common stock, at a proportion of 20% of the then holdings of the common stock.

Firestone was one of the stockholders, and took 30 shares of each, that being in proportion to his common holdings · He agreed to pay for them according to conditions made by the board of directors.

In answer to the petition of Bates, Firestone set forth that the company as issuer of stock, failed to file with the Securities Division of Ohio, any certificate, affidavit, or proofs showing that the issue of stock was made in good faith and not for the purpose of avoiding provisions of the Blue Sky Law, 6373-2 GC. He also contended that because of failure of issuer to bring itself within the provisions of the Blue Sky Law, the offer or attempt to offer was unauthorized, and illegal, and therefore the contract between himself and the Rubber Co. was illegal and void.

Bates replied, and stated that the reason for sale of such stock was not for payments for patents, services, or property not located in Ohio, as set forth in Firestone's answer. Firestone made a motion for judgment on the pleadings, which was sustained by the trial court. Bates' motion for a new trial was overruled, and proceedings in error instituted.

The Court of Appeals, on review of this case found:

1. The manner of dealing of corporation under 6373-2 was "direct marketing and floating of its own securities."

2. When directors resolved to increase the number of shares of issued stock, the right of common stockholders to subscribe for this proportionate share of increase attached immediately; directors did not have power to deny common stockholders subscription rights and offer their shares to others; number and persons who exercised the subscribers right were limited and designated by law; all the directors did was to fix the price and conditions of payment.

4. The company was not offering stock to its stockholders; the law itself was doing that; the right of the stockholders to subscribe was an option given by law; and the law imposed an obligation upon the officers of the company to recognize subscriptions made.

4. The intention of the law making body under these circumstances would not be construed so as to require a corporation as a condition precedent, to comply with the provisions of the Blue Sky Law before it could lawfully receive subscriptions from its own stockholders for new stock as required by 8699 GC. The judgment in favor of Firestone was reversed.

Attorneys—W. E. Young and Arthur Van Epp, Medina, for Rubber Co.; Turner, Ake, Abt, & Gnau, Canton, and Frank Spellman, Medina, for Firestone.